# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **CAROLYN REMBERT,** | Case No.: |
| Plaintiff, | |
| v. | |
| **DIVERSIFIED CONSULTANTS, INC.** | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendant. | **(Unlawful Debt Collection Practices)** |

## **COMPLAINT**

CAROLYN REMBERT ("Plaintiff"), by and through her attorney, DENNIS R. KURZ, ESQ., alleges the following against DIVERSIFIED CONSULTANTS, INC. ("Defendant"):

## **INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.* and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §22 *et seq.*

## **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Georgia, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Covington, Georgia.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692 a(3).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8. Defendant is a national debt collection company with its corporate headquarters located at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida 32256.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

10. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

11. Debt collection is the principal purpose of Defendant's business.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. Plaintiff has a cellular telephone number.

14. Plaintiff has solely used this phone as a cellular telephone.

15. Beginning in or about January 2017 and continuing through February 2018, Defendant contacted Plaintiff on a repetitive basis, attempting to collect an alleged DirecTV debt that had been incurred primarily for personal, family, or household purposes.

16. During this time, Defendant contacted Plaintiff using an automated telephone dialing system and/or pre-recorded voice.

17. Plaintiff knew that Defendant was using an automated telephone dialing system and/or pre-recorded voice as she would be greeted by a recording before calls were transferred to one of Defendant's collectors.

18. Defendant's calls were not made for "emergency purposes."

19. On multiple occasions between in or about late January 2017 and early February 2018, Plaintiff spoke to Defendant and requested that Defendant stop contacting her.

20. Nevertheless, Defendant persisted in calling Plaintiff repeatedly through February 2018 in spite of its knowledge that their collection calls were unwanted and harassing to Plaintiff.

21. Once Defendant was informed that its calls were unwanted and to stop calling, there was no lawful purpose to making further calls, nor was there any good faith reason to place additional calls.

22. Further, any continued calls could only have been placed for the purpose of harassing Plaintiff.

23. Plaintiff found Defendant's calls to be invasive, distressing and stressful, and as such, she ultimately downloaded a blocking application onto her cellular telephone after Defendant failed to stop calling her.

24. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED §§1692d and 1692d(5) OF THE FDCPA

25. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

26. A debt collector violates §1692 (d)(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or

continuously with the intent to annoy, abuse or harass any person at the called number.

27. Here, Defendant violated §§1692d and 1692d(5) of the FDCPA when it placed repeated harassing telephone calls to Plaintiff within the one year period preceding the filing of this Complaint knowing that its calls were unwanted.

## COUNT II
## DEFENDANT VIOLATED THE TCPA

28. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

29. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

30. Despite Plaintiff's instruction to stop calling her cellular telephone, Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

31. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

32.     Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone without prior express consent.

WHEREFORE, Plaintiff, CAROLYN REMBERT, respectfully prays for a judgment as follows:

   a. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. §1692 (k)(a)(1);

   b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692 (k)(a)(2)(A);

   c. All reasonable attorneys' fees, witness fees, court courts and other litigation expenses incurred by Plaintiff pursuant to 15 U.S.C. §1693 (k)(a)(3);

   d. Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

   e. Statutory damages of up to $1,500 for each call in violation of the TCPA, pursuant to 47 U.S.C. §§ 227(c)(5)(B) and 227(c)(5)(C), which permits the Court in its discretion to award such damages if it finds that Defendants willfully or knowingly violated the TCPA; and

f. Any other relief deemed appropriate by this Honorable Court.

### **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CAROLYN REMBERT, demands a jury trial in this case.

Dated: 1/16/19          Respectfully submitted,

By: */s/ Dennis R. Kurz*
Dennis R. Kurz, Esq.
Georgia Bar No.: 430489
Kurz Law Group, LLC
1640 Power Fry Road, Bldg. 17, Ste. 200
Marietta, GA 30067
Phone: (678) 264-8003
dennis@kurzlawgroup.com
**Attorney for Plaintiff**

PLAINTIFF'S COMPLAINT

- 8 -

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Time New Roman and a point size of 14.

Dated: 1/16/19                                      Respectfully submitted,

By: */s/ Dennis R. Kurz*
Dennis R. Kurz, Esq.
Georgia Bar No.: 430489
Kurz Law Group, LLC
1640 Power Fry Road, Bldg. 17, Ste. 200
Marietta, GA 30067
Phone: (678) 264-8003
dennis@kurzlawgroup.com
**Attorney for Plaintiff**